No. 82-102

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

TERRY LEE ACKLEY,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
Douglas G. Harkin, Judge presiding.

Counsel of Record:

For Appellant:

Goldman and Goldman, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena,
Montana
Robert L. Deschamps, County Attorney, Missoula,
Montana

Submitted on Briefs: September 16, 1982

Decided: November 16, 1982

Filed: NOV 16 1982

Thomas J. Kearney
Clerk

Mr. Fred J. Weber delivered the Opinion of the Court.

Terry Ackley was convicted of burglary in the District Court of the Fourth Judicial District, Missoula County. He appeals the conviction, and we affirm.

A single issue has been raised for our review: Was the appellant denied his constitutional right to a speedy trial?

On March 11, 1981, a complaint was filed in Missoula County Justice Court charging appellant with the crime of burglary, a felony under section 45-6-204, MCA. An arrest warrant was issued, and appellant was arrested in Eugene, Oregon, on March 17, 1981. On April 14, 1981, appellant waived extradition, and he was transported to Missoula County on April 18, 1981. Appellant's initial appearance in Justice Court took place on April 20, 1981. Appellant again appeared in Justice Court on April 27, 1981, at which time he waived a preliminary examination and was released on his own recognizance.

On May 13, 1981, the county attorney filed an information in District Court. Arraignment was set for May 27, 1981. On May 21, 1981, appellant's counsel moved that the arraignment be reset for June 3, 1981. The motion was granted and appellant appeared with counsel on June 3, 1981, and entered a plea of not guilty.

An omnibus hearing was held on September 1, 1981, at which time trial was set for October 19, 1981. On September 17, 1981, the trial judge, acting sua sponte, reset the trial date to November 2, 1981. Some time later the judge again reset the trial date, this time to November 23, 1981. Appellant filed a motion to dismiss on November 12, 1981. The motion alleged the deprivation of appellant's right to

-2-

a speedy trial. The motion was denied, and appellant's trial began on November 23, 1981. The jury returned a verdict of guilty on November 25, 1981. This appeal followed.

The sole issue on appeal is whether Terry Ackley was denied his right to a speedy trial.

A person accused of a crime is guaranteed the fundamental right to a speedy trial by the Sixth Amendment to the United States Constitution, which is made applicable to the states by virtue of the Fourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. In Montana, the same right is provided by Article II, Section 24, of the Montana Constitution. In Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United States Supreme Court established a test by which courts could determine whether an accused has been deprived of his or her right to a speedy trial. The Barker test has been applied by this Court, and it was stated in State ex rel. Briceno v. Dist. Ct. of 13th Jud. Dist., etc. (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-4, that:

> "These cases involve a sensitive balancing of four factors, in which the conduct of the prosecution and the defendant are weighed in determining whether there has been a denial of the right to a speedy trial. The four factors to be evaluated and balanced are:
>
> "(1) Length of delay;
>
> "(2) Reason for delay;
>
> "(3) Assertion of the right by defendant; and
>
> "(4) Prejudice to the defendant."

We will now apply these factors to the case before us.

> "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejucial, there is no necessity for inquiry into the other factors that go into the balance." Barker, supra, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

The speedy trial right attaches when the putative defendant in some way becomes an "accused." United States v. Marion (1971), 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468, 474. The complaint which accused appellant of theft was filed on March 11, 1981, and he came to trial on November 23, 1981. Thus, 257 days elapsed between the appellant's acquisition of the constitutional protection and his coming to trial. Cases have arisen in Montana in which this Court has found that a shorter period of time was sufficient to give rise to the presumption. State v. Harvey (1979), ___ Mont. ___, 603 P.2d 661, 36 St.Rep. 2035, (229 days between filing of information and date of trial); State v. Cassidy (1978), 176 Mont. 385, 578 P.2d 735, (246 days between arrest and date of trial). Therefore, we find that the passage of 257 days in the noncomplex case before us is a presumptive deprivation of appellant's right to a speedy trial. Once the presumption is raised, the State must assume the burden of explaining the reason for the delay and showing an absence of prejudice to the appellant. Fitzpatrick v. Crist (1974), 165 Mont. 382, 388, 528 P.2d 1322, 1326; State v. Cassidy (1978), 176 Mont. 385, 390, 578 P.2d 735, 738.

The State acknowledges that the only delay attributable to the appellant is the one week postponement of the arraignment which was requested by appellant's counsel. The State characterizes the delay between the June 3, 1981, arraignment and the November 23, 1981, trial as institutional in nature and due to jury term and calendaring problems and the fact that the judge was newly elected. It is true that the delay was not caused by the tactics of the prosecution, and it should be weighed less heavily against the State. Barker, supra, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

Nevertheless, institutional delay still must be considered by this Court; "[d]elay inherent in the system is chargeable to the State." State v. Harvey, supra, ___ Mont. at ____, 603 P.2d at 667, 36 St.Rep. at 2042. The reasons for the delay advanced by the State do not excuse the delay.

The State does not dispute the fact that appellant satisfied the third factor of the Barker test by properly asserting his speedy trial right. Appellant met his burden by making a timely motion to dismiss based upon the denial of his right to a speedy trial. Appellant's motion was made on November 12, 1981, eleven days before trial.

> "The proper time to assert the right to a
> speedy trial is prior to the actual commence-
> ment of the trial, usually at the time the
> trial date is set, or the time the case is
> called to trial." State v. Steward (1975),
> 168 Mont. 385, 390-91, 543 P.2d 178, 182.

In its denial of the motion to dismiss, the District Court found that the appellant had waived his right to a speedy trial by not making his motion at the omnibus hearing on September 1, 1981. The omnibus hearing checklist states "[t]hat defense counsel knows of no problems involving . . . speedy trial . . ." Counsel for appellant signed this form. Because the State has chosen not to raise this point, it is not being considered as a factor in the present case. However, in a closer speedy trial case, this could be a factor for consideration, keeping in mind the United States Supreme Court cases which speak of the presumption against waivers of constitutional rights.

Finally, we must consider whether the appellant was prejudiced by the passage of time before trial. In Barker, the United States Supreme Court identified three interests of a defendant which may be prejudiced by delay in coming to trial. The speedy trial right is designed:

". . . (i) to prevent oppressive pretrial
incarceration; (ii) to minimize anxiety and
concern of the accused; and (iii) to limit
the possibility that the defense will be
impaired." Barker, supra, 407 U.S. at 532,
92 S.Ct. at 2193, 33 L.Ed.2d at 118.

(1) Appellant spent 41 days in custody from the time
of arrest in Eugene, Oregon, to release on his own recognizance
in Missoula, Montana. The District Court found that this
incarceration was minimal under the circumstances. Following
arrest, it was necessary for the State to make application
for extradition, after which the defendant agreed to
voluntary extradition. We do not find any indication of
oppressive incarceration here.

(2) The "anxiety of the accused" which appellant
claims to have suffered is an inability to secure employment,
marital problems, and a diminution of his freedom of speech.
Appellant did not offer any evidence to support such
assertions. The State's burden to show a lack of prejudice
becomes considerably lighter in the absence of evidence of
prejudice to the appellant. On the employment issue, the
facts show that appellant returned to Eugene, Oregon, upon
his release on his own recognizance. In 1977, appellant
was sentenced to a prison term for burglary in Eugene, Oregon.
That conviction would appear to have been at least as
significant as the charge in the present case in reducing
the likelihood of securing employment. As to marital
problems and timidity in speaking out, we recognize that
a certain amount of concern and anxiety are inherent in
being accused of a crime. State v. Collins (1978), 178
Mont. 36, 50, 582 P.2d 1179, 1186. Nonetheless, in the
absence of evidence on the part of appellant, we do not find
unusual, significant anxiety or concern under the present
facts.

(3) Appellent contends that his defense was impaired because two witnesses had memory lapses. The difficulties in recollection by these witnesses did not relate to any key elements of the case. These two witnesses were called by the State. The difficulties in recollection arose when appellant's counsel was seeking to attack the credibility of those witnesses. As a result, their problems in memory appear to have been more of a benefit to appellant than a problem. On this issue it is important to note that the defendant did not call any witnesses in his own defense. Appellant also complains that the State did not provide him with current addresses and telephone numbers of the State's witnesses until one week before trial. We note that the original addresses of the witnesses were provided on May 13, 1981, and that the witnesses were friends of the appellant. If in fact the appellant had a problem in preparation for trial, he should have dealt with the same by a motion for continuance or a motion in limine. We find that appellant has completely failed to show that his defense was impaired in any way.

Having reviewed the entire record, and having balanced the factors required under Barker v. Wingo, we conclude that Terry Ackley was not denied his right to a speedy trial.

The judgment is affirmed.

_____
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_Daniel J. Shea_
Justices