No. 85-224

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

R. RAY HASKINS,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Mineral,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Stewart A. Pearce, II, Missoula, Montana

   For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena, Montana
M. Shaun Donovan, County Attorney, Superior, Montana

_____

Submitted on Briefs: Dec. 30, 1985

Decided: February 13, 1986

Filed: **FEB 13 1986**

_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal from a conviction of felony theft in the District Court of the Fourth Judicial District, Mineral County. Because defendant was denied his constitutional right to a speedy trial, we reverse and remand with instructions to dismiss the charge.

Defendant, R. Ray Haskins, was arrested on October 19, 1982, and held in the Mineral County Jail until October 22, 1982, when he was released on bond. The State filed an information November 16, 1982, charging defendant with the burglary of the L.D. Polich residence near Tarkio, Montana, and with the theft of various household items belonging to the Polichs.

Defendant filed motions December 21, 1982, seeking to quash his arrest as being illegal and to suppress evidence. A hearing was held on the motions January 18, 1983. The motion to suppress evidence was granted, while the motion to quash the arrest was denied on February 24, 1983. Then, on April 1, 1983, pursuant to a motion to amend, the District Court granted the motion to quash the arrest.

Defendant next filed a motion on April 20, 1983, to dismiss the information for lack of probable cause. The motion was denied May 13, 1983, and on May 17, 1983, the trial judge set defendant's arraignment for May 31, 1983.

At the arraignment, defendant entered pleas of not guilty to both charges and submitted numerous motions, including a motion to dismiss for lack of speedy trial. The trial judge ordered briefing on the speedy trial issue and set trial for July 25, 1983. The speedy trial motion was denied July 1, 1983, as most of the delay was found attributable to defendant.

2

On the morning of trial, the County Attorney moved to amend the already amended information to allege a different offense date. Defendant had earlier given notice of an alibi defense to the burglary charge. Therefore, defendant objected to the amendment as being substantive in nature. The trial judge granted the amendment, but also granted defendant a continuance.

On July 28, 1983, a new judge accepted jurisdiction and set trial for August 29, 1983. Despite motions by defendant to compel production of certain evidence, to continue the trial date and to sever the two counts, trial was had August 29, 1983. The jury found defendant not guilty of burglary on August 31, 1983, but failed to reach a verdict on the theft charge.

The Mineral County Attorney filed a motion September 7, 1983, requesting that a new trial on the theft charge be set. Trial was set on September 9, 1983, for October 24, 1983. Thereafter, on September 14, 1983, defendant filed a motion requesting substitution of a new judge. Judge Harkin accepted jurisdiction of the case September 20, 1983, and on September 27, 1983, reset trial for November 14, 1983.

Because defense counsel already had a trial scheduled for that date, he requested the trial date be continued until the week of December 12, 1983. The trial judge granted defendant's motion on the condition that defendant waive his right to a speedy trial for the time period commencing November 14, 1983, until the court could schedule a new trial date. Defendant waived his right to a speedy trial on November 10, 1983, stating:

> IN MOVING for continuance of his re-trial
> to the spring, 1984, Jury term, Defendant
> waives his right to speedy trial from the
> period 14-November-83 to early 1984,
> while reserving all objections for the

3

period 19-October-82 to 14-November-83.
(emphasis supplied)

On January 16, 1984, defendant's trial was set to begin September 4, 1984. Practically the only activity between January 1984 and the trial was a motion filed by defendant on May 16, 1984, requesting any evidence obtained by the prosecution since the last trial. No response was made to the motion.

Finally, on August 31, 1984, defendant filed numerous pre-trial motions, including a motion alleging the denial of defendant's right to a speedy trial. Trial commenced as scheduled, with the trial judge reserving his ruling on the speedy trial motion until after trial. Defendant was convicted of theft on September 10, 1984. On November 20, 1984, after denying defendant's speedy trial motion from the bench, the trial judge gave defendant a three-year deferred sentence, predicated on defendant serving six months in the Mineral County Jail, paying restitution to the Polichs and obeying all conditions imposed by the Department of Institutions' Division of Adult Probation and Parole.

Defendant appeals, raising numerous issues. However, we find the issue of whether defendant was denied his constitutional right to a speedy trial to be dispositive.

The right to a speedy trial is guaranteed to all criminal defendants by the Sixth Amendment to the United States Constitution and article II, § 24 of the Montana Constitution (1972). The factors to be used in determining whether this right has been abridged were originally set forth by the United States Supreme Court in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. They are: 1) length of the delay; 2) the reason for the delay; 3) the defendant's timely assertion of his right; and 4) the

4

prejudice suffered by defendant. We have repeatedly used these same factors for determining whether Montana's constitutional right to a speedy trial has been denied. However, no individual factor is dispositive. See State v. Britton (Mont. 1984), 689 P.2d 1256, 1258, 41 St.Rep. 2018, 2019.

The length of the delay is the test by which a speedy trial inquiry is triggered. The delay must be of a sufficient length to be deemed "presumptively prejudicial," else there is no need to inquire into the remaining factors. State v. Chavez (Mont. 1984), 691 P.2d 1365, 1369, 41 St.Rep. 2219, 2222. The length of time between defendant's arrest on October 19, 1982, and the start of defendant's second trial on September 4, 1984 (686 days), clearly constitutes "presumptive prejudice." So does the length of time between the first trial, which ended August 31, 1983, in a hung jury on the theft charge, and September 4, 1984, the start of defendant's second trial (370 days). See State v. Ackley (1982), 201 Mont. 252, 653 P.2d 851. We therefore confine our analysis to the second time frame.

Though defendant waited until August 31, 1984, to raise the speedy trial issue, the assertion of his right was timely because it was made prior to the start of trial.

> However, delay of assertion of the right to speedy trial is not measured simply by measuring the lapse of time from the time of the charge until the time the motion is made. Rather, the sole inquiry is whether defendant has moved before trial to dismiss on the ground that he has been denied a speedy trial. The United States Supreme Court stated in Barker v. Wingo, supra, that "[t]here is no fixed point in the criminal process when the State can put the defendant to the choice of either exercising or waiving the right to a speedy trial." 407 U.S. at 521, 92 S.Ct. at 2187. We adopt this same position when interpreting our own Constitution.

5

State v. Britton, 689 P.2d at 1260, 41 St.Rep. at 2022.

Since defendant was presumptively prejudiced by the delay in his trial, the State has the burden of rebutting this prejudice by proving that defendant was not prejudiced by the delay and/or by providing a reason for the delay which outweighs the prejudice to the defendant. State v. Chavez, 691 P.2d at 1370, 41 St.Rep. at 2223.

In its brief, the State contends defendant made only vague allegations of prejudice and that pursuant to State v. Chavez, supra, defendant "may not rest merely on the presumption of prejudice under such circumstances." Prejudice can be shown in many ways, primarily: 1) oppressive pre-trial incarceration; 2) anxiety and concern of the accused while awaiting trial; and 3) impairment of the defense. Barker, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Defendant obviously did not suffer oppressive pre-trial incarceration. He was in the Mineral County Jail for only three days. However, defendant alleges that he suffered severe anxiety while awaiting final disposition of the charges against him. He experienced both personal bankruptcy and the bankruptcy of his logging business. Testimony by several character witnesses at the trial supports defendant's allegation that his reputation in the community was ruined. These are all reasons for great anxiety and sufficient allegations to place the burden of proving no resultant prejudice on the State. See State v. Britton, supra. The State has not met its burden.

Finally, and most importantly, we note the lack of reasons offered by the State for the delay between November 14, 1983, and September 4, 1984. The only reason offered by the State was that no trials were held in Mineral County during the 1984 spring calendar. This reason is inadequate

6

in light of the waiver signed by defendant and quoted above, specifically waiving his right to a speedy trial until early 1984. Given the presumption against waivers of constitutional rights, State v. Ackley, 201 Mont. at 257, 653 P.2d at 854, we refuse to extend defendant's waiver past the Spring 1984 calendar.

There is no indication the State attempted to reschedule the trial for an earlier time or to ascertain why an earlier date would not be possible. Granted, the delay is an "institutional delay" and therefore should not be weighed against the State as heavily as an intentional "dragging of the feet" by the State. However, it is the responsibility of the State to bring defendant to trial. It is not the responsibility of the defendant to ensure that he is prosecuted. State v. Britton, 689 P.2d at 1261, 41 St.Rep. at 2023.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7