No. 85-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

WILFORD EARL PALMER,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Third Judicial District,
           In and for the County of Powell,
           The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        C. F. Mackay, Anaconda, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe R. Roberts, Asst. Atty. General, Helena
        Ted L. Mizner, County Attorney, Deer Lodge, Montana

_____

Submitted on Briefs: June 6, 1986

Decided: August 21, 1986

Filed: AUG 21 1986

_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Wilfred Earl Palmer, appeals from a judgment of conviction after jury trial of criminal possession of a deadly weapon by a prisoner. The appeal arises from the District Court, Third Judicial District, County of Powell. We affirm.

In September, 1984, Palmer was an inmate at the Montana State Prison at Deer Lodge. Palmer resided, by himself, in cell number 10 of "X" block which is a maximum security unit. On September 18, 1984, three officers at the prison conducted a routine spot check of the cells in the "X" block. Palmer was removed from his cell and was taken out in the "yard." Palmer's cell was then searched. The search revealed a homemade "shank" or knife hidden in the stuffing of Palmer's mattress. The officers then conducted a body search of Palmer and discovered a piece of metal in his boot.

On October 11, 1984, Palmer was charged by information with the felony offense of possession of a deadly weapon by a prisoner in violation of § 45-8-318(1), MCA.

On December 3, 1984, Palmer filed a motion for psychiatric evaluation which was granted. On January 25, 1985, Palmer's psychiatric evaluation was returned to the court indicating Palmer suffered from no mental disease or defect.

Trial of the cause was eventually set for June 25, 1985. Before the trial date, however, Palmer requested a postponement of the trial date to more fully prepare. The District Court granted Palmer's motion and reset trial for July 22, 1985.

- 2 -

On the day of trial Palmer, through his counsel, presented the District Court with a motion to dismiss for lack of speedy trial and a motion for change of venue. The District Court denied both motions.

At trial witnesses for the State were the prison officers who discovered the contraband and corrections investigator Robert McNally. Palmer presented no defense.

The jury returned a verdict of guilty. On October 15, 1985, a sentencing hearing was held and Palmer was sentenced to ten years' imprisonment consecutive to his outstanding sentence.

Palmer raises two issues for our review.

1. Did the District Court err in refusing Palmer's motion to dismiss for lack of a speedy trial;

2. Did the District Court err in refusing Palmer's motion for change of venue.

Palmer first contends that he was denied his right to a speedy trial. Any person accused of a crime is guaranteed the right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, which is made applicable to the states by the Fourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. The right to a speedy trial is also guaranteed by Article II, § 24 of the 1972 Montana Constitution. The test to be applied to determine whether an accused's right to a speedy trial has been violated was first set forth in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct 2182, 33 L.Ed.2d 101. This Court applied and stated the Barker test in State ex rel. Briceno v. District Court (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-64 as follows:

These cases involve a sensitive balancing of our factors, in which the conduct of the prosecution and the defendant are weighed in determining whether there has been a denial of the right to a speedy trial. The four factors to be evaluated and balanced are:

(1) Length of delay;

(2) Reason for delay;

(3) Assertion of the right by defendant; and

(4) Prejudice to the defendant.

This Court has stated that the first of the Barker factors, the length of delay, is the trigger to a speedy trial inquiry. There is no need to examine the latter three factors unless some delay deemed presumptively prejudicial has occurred. State v. Harvey (1979), 184 Mont. 423, 603 P.2d 661.

The delay here, 256 days from the date Palmer was charged until the first date set for trial, is long enough to trigger a speedy trial inquiry. See State v. Chavez (Mont. 1984), 691 P.2d 1365, 41 St.Rep. 2219 (214 days); State v. Ackley (1982), 201 Mont. 252, 653 P.2d 851 (257 days); State v. Fife (Mont. 1981), 632 P.2d 712, 38 St.Rep. 1334 (195 days); State v. Freeman (1979), 183 Mont. 334; 599 P.2d 368 (207 days); State v. Cassidy (1978), 176 Mont. 395, 578 P.2d 735 (246 days). The delay in the instant case gives rise to a presumptive deprivation of Palmer's speedy trial right, and shifts the burden to the State to give reasons why the trial should proceed. Ackley, 201 Mont. at 256; 653 P.2d at 853. In this respect, the State must either give a reasonable excuse for the delay, or show that the defendant was not prejudiced thereby. If there exists both excuse and prejudice, these two factors must be balanced.

The second _Barker_ factor is reason for delay. In the instant case Palmer was responsible for two delays. One was for a seven-day period, November 1, 1984 to November 7, 1984, during which a new judge was called in pursuant to Palmer's motion. The second delay attributable to Palmer occurred from December 3, 1984 to January 25, 1985, 54 days, during which time Palmer underwent mental evaluations pursuant to his own motion. Thus of the 256 days of delay, 61 days are attributable to Palmer reducing the delay not attributable to him to 195 days. Of these 195 days, there is no evidence to suggest nor does Palmer contend bad faith or oppressive tactics by the State. Institutional delay weighs less heavily against the State in the _Barker_ balancing process.

The third factor under _Barker_ is "assertion of the right by defendant." Palmer made a timely assertion of his right to a speedy trial by raising the issue before the commencement of his trial. State v. Steward (1975), 168 Mont. 385, 390, 543 P.2d 178, 182.

The final _Barker_ factor is "prejudice to the defendant." In _Barker_, the United States Supreme Court identified three interests of a defendant which may be prejudiced by a delay in coming to trial. The interest are: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. _Barker_, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

Applying these interests to the facts of the instant case we held that Palmer was not prejudiced by the State's delay in bringing his cause to trial. First, Palmer suffered no pretrial incarceration because he was already incarcerated for the duration of the proceedings on an another charge.

Second, there is nothing in the record to indicate that the time involved in coming to trial caused any additional or unusual anxiety and concern to Palmer. The final interest involved in the prejudice factor is the impairment of Palmer's defense. Because Palmer did not present a defense, it is clear that he was not prejudiced in this manner. Thus, our review of the above interests lead us to the conclusion that Palmer was not prejudiced by the delay in bringing his cause to trial.

We hold that under the four factor balancing test of Barker, Palmer was not denied his right to a speedy trial and the District Court did not err in denying Palmer's motion to dismiss.

Palmer next argues that the District Court erred in denying Palmer's motion for a change of venue. Section 46-13-203, MCA, provides:

> (1) The defendant or the prosecution may move for a change of place of trial on the ground that there exists in the county in which the charge is pending such prejudice that a fair trial cannot be had in such county. The motion must be made at least 15 days prior to trial except that, if good cause is shown, it may be made thereafter.
>
> (2) The motion must be in writing and supported by an affidavit which must state facts showing the nature of the prejudice alleged. The defendant or the state may file counteraffidavits. The court shall conduct a hearing and determine the merits of the motion.
>
> (3) If the court determines that there exists in the county in which the prosecution is pending such prejudice that a fair trial cannot be had, it shall:
>
> (a) transfer the cause to any other court of competent jurisdiction in any county in which a fair trial may be had;
>
> (b) direct that a jury be selected in any county where a fair trial may be had and then returned to the county where the prosecution is pending to try the case; or

(c) take any other action designed to insure that a fair trial may be had.

In State v. Ritchson (1982), 199 Mont. 51, 54, 647 P.2d 830, 832, this Court studied the requirements of proof for a party seeking to change venue as follows:

A defendant seeking a change of venue must show that there is reasonable grounds to believe that a prejudicial atmosphere exists within the present venue which creates a reasonable apprehension that he cannot receive a fair trial.

It is Palmer's contention that a change of venue should have been granted in the instant case because prejudice exists in Powell County against inmates at the prison. Palmer further contends that, because a Citizen Protection Association had been formed in Powell County and because a large number of the prison employees lived within the community, there existed such prejudice in the county that a fair trial could not be had.

Palmer, however, made no showing of a "prejudicial atmosphere" in Powell County other than stating in his memorandum in support of his motion for change of venue the above listed contentions. Further, we have reviewed the record of the voir dire and conclude that an impartial jury was empaneled. Here, as in State v. Bashor (1980), 188 Mont. 397, 614 P.2d 470, all the jurors stated under oath that they could return a verdict based solely on the evidence. This belies the statement that all Powell County juries are unalterably prejudiced by the conditions at the prison.

We, therefore, hold the District Court did not err in denying Palmer's motion for a change of venue because Palmer made no showing that there existed such prejudice that a fair trial could not be had in Powell County.

We affirm the District Court.

_____
                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

- 8 -