No. 86-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THE STATE OF MONTANA,

    Plaintiff and Respondent,

    -vs-

STEVE N. KERNS,

    Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hennessey Law Office; Joseph P. Hennessey, Billings,
        Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        James M. Scheier, Asst. Atty. General, Helena
        Harold Hanser, County Attorney, Billings, Montana
        Charles A. Bradley, Deputy County Attorney, Billings

---

Submitted on Briefs: May 9, 1986

Decided: September 9, 1986

Filed: SEP 9 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant was convicted of forgery, a felony, following a jury trial in the District Court of the Thirteenth Judicial District, Yellowstone County. Prior to trial, the court denied appellant's motions to dismiss for lack of speedy trial. Appellant appeals the denials. We affirm the District Court.

The sole issue is whether the appellant was denied his constitutional right to a speedy trial.

Respondent, State of Montana, filed a complaint against appellant, Steve N. Kerns, alleging one count of forgery and, in the alternative, one count of attempted theft. Appellant was arrested and released on his own recognizance on April 3, 1985.

On October 28, 1985, appellant filed a motion to dismiss for lack of speedy trial, which was briefed, and the trial date of November 4 was vacated. On November 5, 1985, appellant filed a motion in limine, and on November 27, the motion to dismiss was denied and trial was set for December 9, 1985. This period of time (33 days) is not chargeable against the State.

Appellant moved again for dismissal for lack of speedy trial on December 9, 1985. The trial commenced on December 9, and the case was submitted to the jury on December 11, 1985. The District Court denied the motion to dismiss on December 10, 1985. The jury returned a verdict finding appellant guilty of forgery. The District Court ordered a one-year deferred sentence contingent on forty hours community service by appellant. Appellant now appeals the denials of his motions to dismiss.

The essential chronology of the case progression from arrest to trial appears from the record:

April 3         Defendant arrested; released on his own recognizance.

April 8         State files affidavit and motion for leave to file information.

April 12        Defendant files motion to dismiss; hearing set for April 16.

April 16        State files brief in opposition to defendant's motion. Court grants motion to file information, sets briefing schedule on defendant's motion.

April 25        Defendant files memorandum in support of motion to dismiss.

April 30        State files response to defendant's memorandum. Court sets June 4 as date for omnibus hearing and July 29 as trial date.

May 1           Court denies defendant's motion to dismiss.

June 4          Court issues order that "pursuant to agreement between court and counsel" the omnibus hearing be continued until June 25.

June 25         Omnibus hearing held.

July 19         State makes request for issuance of subpoenas. Subpoenas issued and returns filed on July 25.

August 14       Trial date vacated and reset for November 4.

October 24      State makes request for issuance of subpoenas. Subpoenas issued and returns filed.

October 28      Defendant files motion to dismiss for lack of a speedy trial.

November 1      State files brief in oppostion to defendant's motion.

(Trial date vacated)

November 5      Defendant files motion in limine.

November 27     Court denies defendant's motion to dismiss; trial set for December 9.

December 3      Jury preselection.

December 9      Trial begins.

With reference to the chronology of events, the period of time from arrest on April 3, 1985, until May 2, 1985, the day following the District Court's denial of defendant's motion to dismiss (29 days), cannot be considered delay, institutional or intentional. Most of this period of time involved defendant's motion to dismiss and related briefing.

The period of time from June 4, 1985, to June 25, 1985 (21 days), cannot be delay chargeable against the State because defendant's counsel agreed to a continuance of the omnibus hearing to June 25.

Institutional delay, occasioned by the District Court's management of its calendar, occurred from June 26 to July 29, 1985, the first date of trial setting (33 days), and institutional delay also occurred from July 29 to October 28, 1985 (91 days). Finally, institutional delay occurred from November 28 to December 9, 1985, the date of trial (11 days).

The total days chargeable to the State as institutional delay, therefore, is 135 days.

Once again we are asked to determine whether a criminal defendant's constitutional right to a speedy trial has been abridged. Based on the record, we conclude that appellant's right has not been abridged.

We have utilized a four-part balancing test in determining whether a criminal defendant's right to a speedy trial, as guaranteed by the United States and Montana Constitutions, has been denied. State v. Larson (Mont. 1981), 623 P.2d 954, 38 St.Rep. 213; State v. Bailey (Mont. 1982), 655 P.2d 494, 39 St.Rep. 2242; State v. Haskins (Mont. 1986), 714

4

P.2d 119, 43 St.Rep. 290. The parts of the test are: (1) length of delay; (2) reason for delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. While none of the individual factors are dispositive, the length of the delay is the triggering mechanism of the four-prong test. Bailey, supra. Unless there is a period of delay long enough to be presumptively prejudicial, no further inquiry is required. State v. Armstrong (Mont. 1980), 616 P.2d 341, 37 St.Rep. 1563; Bailey, supra. The appellant has failed to meet the threshold test, and no presumption of delay attaches.

The District Court's denial of appellant's motion to dismiss is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5