MR. JUSTICE MORRISON,
specially concurring:
In the recent case of Safeco Insurance Co. v. Ellinghouse (1986), [220 Mont. 199,] 725 P.2d 217, 43 St.Rep. 1689, this Court blatantly substituted its judgment for that of the jury. In addition to an award for punitive damages, the jury in Ellinghouse had awarded $200,000 for mental distress damages. In setting that award aside the majority said:
“The trial court awarded damages of $200,000 to Ellinghouse for emotional distress, in opposition to which Safeco advanced the argument of an absence of malice on its part. Although an award of mental anguish is justified by the evidence presented by Ellinghouse on the issue of malice, the amount of the award substantially exceeds that which the evidence could sustain and therefore must be reduced.”
Without any question there was substantial evidence to support the jury’s award of $200,000 in compensatory damages to Ellinghouse. This Court simply disagreed with the jury award and substituted its judgment for that of the jury.
Let us see how the Court’s approach in Safeco can be squared with the Court’s rationale employed to uphold a zero verdict. The majority in this case states:
“Dawson argues that because he was never afforded a job, he has proven his damages. We reject the argument and hold there is substantial evidence from which the jury could have concluded that Dawson suffered no damages. The jury decides what evidence to accept and what evidence to reject. (Emphasis supplied. )
*421 The jury decided that the Gazette had breached its duty of good faith and fair dealing to Dawson but concluded that Dawson was not entitled to any damages. The district court must respect the jury’s decision when conflicting evidence is present, as is the case here. To grant a new trial in light of conflicting evidence would be an abuse of discretion.” (Emphasis supplied.)
My learned brother, the Chief Justice, has signed this opinion upholding an award of zero damages on the basis that courts cannot interfere with the discretion of a jury. In the Ellinghouse case, the Chief Justice cast a decisive vote in favor of disregarding the discretion of the jury.
The Chief Justice is not the only villain in this melodrama of inconsistency. Time and again the members of this Court disregard appellate rules of review and substitute their judgment for that of the District Judge or the jury; except, of course, where the members of the Court agree with the District Court or jury and then they employ the rule, applicable in all cases, that we must respect the judgment of the trier of fact.
I am concurring in the decision to affirm the discretion of the jury in this case, although I personally disagree with the verdict. The law compels us to respect the discretion of the trier of fact in all cases whether the verdict be large or be nothing at all.