No. 86-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

EMIL TILLY,

        Defendant and Appellant.

APPEAL FROM: The District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Theodore P. Cowan, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John Paulson, Asst. Atty. General, Helena
        Robert Deschamps, III, County Attorney, Courthouse,
        Missoula; Karen Townsend & Betty Wing, Deputy County
        Attorneys, Missoula, Montana

Submitted on Briefs: March 12, 1987

Decided: May 26, 1987

Filed: MAY 26 1987

_Ethel M. Harrison_
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Emil Tilly appeals his conviction for sexual intercourse without consent from the Fourth Judicial District, Missoula County.

We affirm.

Two issues are presented for our review:

1. Did the District Court err when it denied defendant Tilly's motion to dismiss for lack of speedy trial?

2. Did the District Court abuse its discretion when it denied defendant Tilly's motion to depose the prosecution's main witness?

Defendant and appellant Tilly was charged by information on November 23, 1985, with sexual intercourse without consent in violation of § 45-5-503(3)(a), MCA. The information and supporting affidavit accused defendant of engaging in sexual relations with his daughter, C. T., a minor.

Following a week-long jury trial in September 1986, Tilly was found guilty of sexual intercourse without consent. Tilly was sentenced to thirty years in the Montana State Prison with ten years suspended.

At trial the defendant's children, Charles, C. T., and P. T. testified that defendant had intermittently engaged in sexual relations with C. T. for approximately eight years. C. T. testified that defendant's sexual advances continued until C. T. was removed from defendant's custody on February 22, 1985. The victim's brothers, P. T. and Charles Tilly, testified that on a number of occasions, they witnessed the defendant and C. T. engaged in sexual acts. P. T. and Charles also testified that defendant and C. T. regularly slept together from February 1980 to February 22, 1985.

While awaiting trial, defendant was incarcerated with bond set at $10,000. During his pretrial incarceration,

defendant wrote twelve "love letters" to his daughter. In defendant's love letters, defendant requested C. T. to marry him and not to "hurt him" with testimony.

Defendant's love letters were in violation of court orders dated December 12, 1985, and February 28, 1986, ordering defendant to cease all contact with his daughter. After repeatedly violating these orders, defendant was charged with tampering with a witness, in violation of § 45-7-206(1)(a), MCA. This charge was eventually dismissed by motion of the State following defendant's sexual intercourse without consent conviction.

## Issue 1

Did the District Court abuse its discretion when it denied defendant's motion to dismiss for lack of a speedy trial?

The right to a speedy trial is guaranteed by both the United States Constitution and the Montana Constitution. U.S. Const., Amend. VI; 1972 Mont. Const., Art. II, Sec. 24. In Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United States Supreme Court adopted a four-factor balancing test in which conduct of both the prosecution and the defendant are weighed in order to determine whether there has been a denial of defendant's right to speedy trial. The four factors to be considered are: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. See, State v. Palmer (Mont. 1986), 723 P.2d 956, 958, 43 St.Rep. 1503, 1505, citing State ex rel. Briceno v. District Court (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-164.

3

In the case at hand, 312 days elapsed between defendant's arrest on October 28, 1985, and the commencement of defendant's trial on September 5, 1986. A 312-day delay triggers a speedy trial inquiry. State v. Palmer, 723 P.2d at 958, 43 St.Rep. at 1505; State v. Chavez (Mont. 1984), 691 P.2d 1365, 1370, 41 St.Rep. 2219, 2222. The delay gives rise to a presumption that defendant has been deprived of his right to speedy trial. Palmer, 723 P.2d at 958, 43 St.Rep. at 1505. Further, the delay shifts the burden to the State: (1) to give a reasonable excuse for the delay, or (2) to show that defendant was not prejudiced by the delay. State v. Ackley (1982), 201 Mont. 252, 256, 653 P.2d 851, 853. If both excuse and prejudice exist, these factors must be balanced. Ackley, 201 Mont. at 256, 653 P.2d at 853.

In the case at bar, C. T., a material witness, was temporarily unavailable to testify due to emotional instability. During defendant's pretrial incarceration, C. T. was undergoing psychiatric therapy at the Montana Youth Treatment Center in Billings. Her illness was due in large part to defendant's unlawful acts. We hold the State produced a reasonable excuse for delay due to the absence of a material witness. Barker, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

The second Barker factor is reason for delay. ". . . [I]t must be determined what percentage of the delay is chargeable to the defendant and this much time must accordingly be deducted from the total delay." State v. Freeman (1979), 183 Mont. 334, 339, 599 P.2d 368, 371. Defendant Tilly is responsible for much of the delay. Prior to arraignment, defendant requested a substitution of judge. Defendant has this right of substitution. In the balancing test, the exercise of this right will not necessarily be heavily weighed against the defendant. Defendant's

4

arraignment was then moved from November 18, 1985, to December 12, 1985 (24-day delay). On December 13, 1985, defendant waived his right to speedy trial and requested a continuance over the current jury term. The defendant was informed the next available jury term was April 1, 1986 (108-day delay). On February 19, 1986, defendant requested that a public defender be appointed. On March 3, 1986, defendant's newly-appointed counsel requested a psychiatric evaluation to determine whether defendant was suffering from mental disease or defect. On that date, defendant again waived his right to speedy trial. On March 13, 1986, defendant requested and was granted an extension of thirty days to file motions and memoranda in preparation for the March 1986 omnibus hearing (12-day delay).

On March 20, 1986, the State moved for a continuance beyond the April jury term due to the mental and physical illness of C. T., a material witness. C. T.'s guardian ad litem concurred with the State's motion for continuance. Also, on March 20, 1986, defendant moved to dismiss this action for denial of right to speedy trial. The District Court denied defendant's motion to dismiss. The court ruled that defendant's trial date would be set when C. T., the victim and material witness, was able to testify.

On May 21, 1986, defendant filed with this Court a petition for writ of habeas corpus and supervisory control. This Court denied defendant's petition on July 9, 1986 (48-day delay).

The State filed an amended information on August 8, 1986, charging defendant with tampering with a witness in violation of § 45-7-206, MCA. The District Court severed this charge (Count II) from the sexual intercourse without consent change (Count I), on August 28, 1986.

Trial on Count I commenced on September 5, 1986, and concluded on September 10, 1986. The jury returned a verdict of guilty to the charge of sexual intercourse without consent.

A thorough review of the record reveals that defendant was not denied his right to a speedy trial. Defendant's numerous delays overlap one another, making an accurate accounting difficult. However, it is clear that defendant caused the following delays:

| | |
|---|---|
| (1) substitution of judge, arraignment postponed until 12/18/85 | 24 days |
| (2) waiver of speedy trial until April jury calendar | 108 days |
| (3) 30-day extension to file brief | 12 days |
| (4) petition for supervisory control and habeas corpus (petition denied) | 48 days |
| TOTAL -- | 192-day delay |

The State is not charged with speedy trial delay when a material witness with "valid reason" is not available. Barker v. Wingo, 407 U. S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. We hold a valid reason exists when a material witness is unavailable due to defendant's unlawful acts. C. T. was unavailable in excess of thirty days. However, only thirty days may be may be deducted from the State's delay in order to prevent a "time overlap." Accordingly, 222 days are deducted from the 312 days defendant spent while awaiting trial. State v. Freeman (1979), 183 Mont. 334, 599 P.2d 368, 371.

The next application of Barker is defendant's assertion of the right. Defendant waived his right to speedy trial on December 12, 1985, and March 6, 1986. Defendant's waiver

served to extinguish his right to trial until the next (April) jury term. However, defendant made a timely assertion of his right to a speedy trial by raising the issue on April 6, 1986. State v. Harvey (Mont. 1986), 713 P.2d 517, 43 St.Rep. 46, 50; State v. Stewart (1975), 168 Mont. 385, 543 P.2d 178.

The final Barker factor is "prejudice to the defendant." Barker identified three interests of a defendant which may be prejudiced by a delay in coming to trial. The interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety of the accused; and (3) to limit the possibility the defense will be impaired. Barker, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

Applying these interests to the facts of the instant case, we hold defendant Tilly was not prejudiced by the State's delay in bringing his cause to trial. First, defendant repeatedly violated the December 12, 1985, and February 28, 1986, orders of the trial court not to contact the victim. Defendant, in essence, showed the court he could not be entrusted to leave the emotionally disturbed sixteen-year-old alone. Therefore, defendant's pretrial incarceration was an appropriate alternative. Secondly, nothing in the record indicates that defendant was unduly "anxious and concerned." One may expect a certain amount of anxiety and concern when accused of a crime. State v. Chavez (Mont. 1984), 691 P.2d 1365, 41 St.Rep. 2219, 2224. Finally, we find no prejudice in defendant's presentation of his defense.

Accordingly, we hold defendant was not denied his right to speedy trial.

Issue 2

7

Did the District Court abuse its discretion when it denied defendant Tilly's motion to depose the prosecution's main witness?

Defendant contends §§ 45-15-201 and 45-15-204(1)(c), MCA, stand for the proposition that a deposition of an indisposed material witness is mandatory in order to prevent violation of defendant's right to a speedy trial.

Section 45-15-201(1), MCA, provides in pertinent part:

> When depositions taken. (1) If it appears that a prospective witness may be unable to attend or prevented from attending a trial . . . and that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court . . . may upon motion and notice to the parties order that his testimony be taken by deposition . . .

Section 45-15-201, MCA, is obviously a discretionary statute. State v. Austad (1982), 197 Mont. 70, 641 P.2d 1373, 1386. The trial court found, following the March 20, 1986, hearing, that a material witness, C. T., was not immediately available for deposition or trial. The court granted the State's motion to continue the trial into the July trial calendar. Defendant, on July 24, 1986, was granted an interview with the victim. Further, defendant at all times, was given complete access to the State's files. During trial, C. T. was subject to defendant's cross-examination. Defendant was given every opportunity to prepare an adequate defense. State v. Austad, 197 Mont. at 94, 641 P.2d at 1386.

We hold the trial court did not abuse its discretion when it denied defendant's motion to depose a material witness.

Affirmed.

_____
Chief Justice

We concur

John Conway Harrison
_____

_____

John C. Sheehy
_____

L. C. Gulbrandson
_____

William E. Hunt Sr.
_____
Justices