No. 00-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 18N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CALVIN SKELTON,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Thomas M. McKittrick, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Kelli S. Sather, Cascade County Public Defender, Great Falls, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General, Helena, Montana

Brant S. Light, County Attorney; Susan Weber, Deputy County

Attorney, Great Falls, Montana

Submitted on Briefs: November 16, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Calvin Skelton pled guilty to felony riot, reserving his right to appeal the denial of his motion to dismiss on speedy trial grounds. The sole issue on appeal is whether Skelton was denied his right to speedy trial. We affirm the ruling of the Eighth Judicial District Court, Cascade County, that he was not.

¶3 In determining whether the speedy trial rights of an individual have been violated, four factors, originally set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101, must be analyzed: (1) the length of the delay; (2) the reason for the delay; (3) the assertion of the right by the defendant; and (4) prejudice to the defendant. *See City of Billings v. Bruce*, 1998 MT 186, 290 Mont. 148, 965 P.2d 866.

¶4 We must first determine whether time sufficient to trigger further speedy trial analysis - 200 days-passed between the filing of charges against Skelton and the trial date. *See Bruce*, ¶ 55. In this case, the undisputed 287-day delay is sufficient to trigger further analysis.

¶5 We next consider the reason for the delay. If at least 275 days of delay are attributable to the prosecution, the prosecution must demonstrate the defendant has not been prejudiced by the delay. *Bruce,* ¶ 56. The prosecution concedes it bore that burden in this case.

¶6 Skelton filed his speedy trial motion on the day set for trial. Because the motion was filed prior to trial, the third *Barko* factor is satisfied. *See Bruce,* ¶ 57.

¶7 The parties focus their appellate arguments on the final factor, prejudice to the defense. This is the most important factor in speedy trial analysis because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Bruce*, ¶ 19 (citation omitted). Prejudice to the defense can be established by evidence of pretrial incarceration, anxiety and concern to the defendant, and impairment to the defense. *Bruce*, ¶ 19. Where, as in this case, the burden has shifted to the prosecution to establish an absence of prejudice, the prosecution's evidence "should take into consideration, but need not include, all three traditional bases for prejudice." *Bruce,* ¶ 56.

¶8 In the District Court, the prosecutor pointed out that Skelton was already incarcerated when he was charged with the present offense. On appeal, Skelton argues that he suffered more oppressive conditions in his previously-adjudicated incarceration as a result of the current charge. He did not, however, make this argument in the District Court. Further, we have rejected a claim of prejudice from pretrial incarceration, without more, made by a person already incarcerated. *State v. Palmer* (1986), 223 Mont. 25, 28, 723 P.2d 956, 959.

¶9 As to the second basis for claiming prejudice, anxiety and concern are an inherent part of being charged with a crime and the State's burden to show absence of anxiety "becomes considerably lighter in the absence of more than marginal evidence of anxiety." *Bruce,* ¶ 70, quoting *State v. Williams-Rusch* (1996), 279 Mont. 437, 452, 928 P.2d 169, 178. Skelton offered nothing in this regard.

¶10 At the hearing on Skelton's speedy trial motion to dismiss, the prosecutor pointed out that Skelton had offered no allegations of impairment to his defense as a result of trial delay. The prosecutor further stated that all of the prosecution's witnesses, Skelton's fellow prisoners and the guards on duty at the time of the prison riot, remained available.

¶11 Skelton asserts that, if he had had an opportunity, he could have rebutted the prosecution's evidence and brought forth evidence on several of the prejudice factors. His assertion is discredited by the transcript of the hearing on the motion to dismiss, however, at which Skelton had the opportunity to present testimony and affidavits in support of his motion to dismiss and failed to do so.

¶12 We conclude the prosecution met its burden of establishing that Skelton suffered no prejudice due to any trial delay in this case. Therefore, we hold the District Court did not err in denying Skelton's speedy trial motion to dismiss.

¶13 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART