No. 84-268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

   Plaintiff and Respondent,

   -vs-

ALAN CRAIG CUTNER,

   Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Jeffrey T. McAllister, Great Falls, Montana

   For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
      J. Fred Bourdeau, County Attorney, Great Falls,
      Montana

Submitted on Briefs: Oct. 25, 1984

Decided: December 20, 1984

Filed: DEC 20 1984

*Ethel M. Harrison*

—————————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Alan Cutner appeals a judgment of the Cascade County District Court finding him guilty of sexual assault and burglary. The defendant contends that the trial court erred by denying his motion to dismiss for lack of speedy trial.

Cutner was charged May 4, 1983, with sexually assaulting a seventy-year-old man in his Black Eagle home on April 21, 1983. Arraignment was set for May 11. At the request of his counsel the arraignment was continued until May 17, 1983, so that the court could formally appoint the counsel to represent the defendant.

The first of the seven trial dates which were set in this case was July 6, 1983. On May 18, Cutner moved for substitution of Judge Roth. The motion was granted, Judge Coder accepted jurisdiction and the trial date was reset for August 29, 1983.

Cutner filed a notice of intent to raise the defense of alibi on June 17, 1983. On July 28, 1983, the defendant filed a notice of intent to rely on mental disease or defect to prove that he did not have a particular state of mind which is an essential element of the offense charged. Cutner requested a transfer to the Montana State Hospital for a psychiatric examination and that the trial date of August 29, 1983, be vacated. The District Court granted the motion, and the defendant was examined at the State Hospital.

On August 25, 1983, the court received the report of the psychiatric examination and Cutner was returned to the Cascade County jail. On November 22 Judge Bradford, who had assumed jurisdiction over the case after Judge Coder's resignation, set December 5, 1983, as the trial date. On November

2

Cutner again moved for substitution of judge. Judge McCarvel assumed jurisdiction from Judge Bradford and on November 28 reset trial for December 6.

On December 2, 1983, the defendant filed a motion requesting that hair samples be taken from the defendant and other individuals who resided at his home, and these be analyzed by the State's Forensic Sciences Division for comparison with samples taken from a pair of thermal underwear the defendant allegedly stole from the victim. The defendant further requested that the December 6 trial date be rescheduled after December 26 to allow time for completion of the hair analysis. Cutner filed with this motion a signed waiver of speedy trial rights that was limited to the time required for the analysis. The motion was granted, but Judge McCarvel set trial for December 19, 1983.

This trial was vacated on December 15, 1983, pursuant to a motion filed on a stipulation of the parties. The parties stipulated that additional time be allocated for a semen analysis, incorporated the prior waiver of defendant's speedy trial rights, and requested a January 1984 trial setting. The District Court rescheduled the trial for February 21, 1984. The setting was later changed due to a docket conflict to February 14, 1984. The trial was held in fact on February 14 and 15, 286 days after the defendant was arrested and charged.

On the morning of the trial, defendant filed his motion to dismiss for want of a speedy trial. Following jury voir dire, the motion was argued by counsel in chambers. The District Court denied Cutner's motion, and the trial proceeded. The defendant was found guilty of both charges and appeals the denial of his speedy trial motion.

3

The analysis that this Court employs in reviewing a speedy trial denial is well established. We have recently issued an opinion that summarizes this analysis. See State v. Chavez (Mont. 1984), _____ P.2d ___ , 41 St.Rep. 2219.

In prior decisions this Court has adopted the test described by the United States Supreme Court in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. Basically, four factors are considered under this test:

(1) length of delay;

(2) reason for delay;

(3) assertion of the right by the defendant; and

(4) prejudice to the defendant.

Without examining in detail the various reasons for the delay at issue, we note that the claimed 286-day delay is long enough to trigger the speedy trial inquiry. The State has the burden of showing that there was a reasonable excuse for this delay and that the defendant was not prejudiced. State v. Ackley (Mont. 1982), 653 P.2d 851, 39 St.Rep. 2091.

During the in-chambers hearing on February 14, 1984, the State argued that the defendant was responsible for much of his delay in being brought to trial. Twice Cutner moved for substitution of judge. The lower court took notice of the fact that Cutner did not raise mental disease or defect until two months after arraignment. Other delays were occasioned by the defendant's request for laboratory analysis in December and institutional delay associated with Judge Coder's resignation from the bench.

Reviewing the record and the arguments presented, we find there was a reasonable excuse for the delay in Cutner's trial. Furthermore, we find that the State has overcome the

4

rebuttable presumption that the delay was prejudicial to the defendant.

Cutner has alleged as prejudice that he was the victim of oppressive pretrial incarceration, suffered anxiety and concern, and his defense was impaired by the delay. Cutner argued that due to the passage of time, his memory and that of one of his key witnesses had become confused about the facts.

We have found that the State's proof exceeds in weight the evidence presented by the defendant. During the time the defendant sat in the Cascade County jail, his counsel actively pursued his defense. The numerous defense motions that were filed support this observation. The continued incarceration is attributable to actions by defendant's counsel in preparing a defense; we do not find such incarceration oppressive for purposes of the speedy trial right.

The statements made by defendant's counsel in the February 14 hearing concerning Cutner's anxiety and lapse of memory were conclusory. At trial the defendant's recollection and his alibi witnesses' memories showed no diminution of detail with the passage of time. The defendant's alibi defense was adequately, although unsuccessfully, presented to the jury.

Finally, we note that the defendant did not assert his speedy trial right until the actual commencement of trial. While we do not rest our decision on this factor, Cutner did not timely assert his right. See State v. Ackley, 653 P.2d at 854.

It is obvious from the procedural record that Alan Cutner did not want to go to trial before February 1984. In the nine months that preceded his trial, his attorney

5

repeatedly sought different judges and pursued alternative defense theories.

The resulting delay allowed the defendant to explore all avenues of defense. Such delay will not serve a dual role as grounds for denial of the right to a speedy trial.

The judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices