No. 05-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 16

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

CAROL LEWIS,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
                 In and for the County of Lewis and Clark, Cause No. ADC 2004-149,
                 The Honorable Dorothy McCarter, Presiding Judge.


COUNSEL OF RECORD:

       For Appellant:

            Shannon McDonald, Assistant Public Defender, Helena, Montana

       For Respondent:

            Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Leo Gallagher, County Attorney; Tara Harris, Deputy County Attorney,
            Helena, Montana

_____

                          Submitted on Briefs:  October 25, 2006

                                  Decided:  January 24, 2007

Filed:

_____
                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Carol Lewis (Lewis) appeals from her conviction in the First Judicial District, Lewis and Clark County, of Criminal Possession with Intent to Distribute, Criminal Possession of Drug Paraphernalia, two counts of Use or Possession of Property Subject to Criminal Forfeiture, and Criminal Distribution of Dangerous Drugs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 The State charged Lewis on May 19, 2004, with one count of Criminal Possession with Intent to Distribute, one count of Criminal Possession of Drug Paraphernalia, and two counts of Use or Possession of Property Subject to Criminal Forfeiture. Lewis entered a plea of not guilty to the charges. The District Court set a jury trial for November 8, 2004.

¶3 The State informed the court on October 12, 2004, that it intended to amend the charges against Lewis to include an additional offense for conduct that occurred on May 22, 2004. The court vacated the trial date based on the State's information. The State amended the information on March 10, 2005, to include the charge of Criminal Distribution of Dangerous Drugs. The jury convicted Lewis on all charges following a three-day trial in June of 2005. The court sentenced Lewis to twenty years imprisonment with fifteen years suspended. Lewis never asserted her right to speedy trial between the time of her arrest and jury trial. Lewis appeals her conviction.

¶4 Lewis raises two issues for review:

¶5 1. Whether the State violated Lewis's constitutional right to a speedy trial.

2

¶6    2. Whether Lewis's lawyer denied her effective assistance of counsel by failing to assert her right to a speedy trial.

## STANDARD OF REVIEW

¶7    Whether a defendant has been denied the constitutional right to a speedy trial constitutes a question of law. *State v. Haser*, 2001 MT 6, ¶ 17, 304 Mont. 63, ¶ 17, 20 P.3d 100, ¶ 17. We review for correctness the trial court's legal determinations on speedy trial. *Haser*, ¶ 17.

¶8    We review claims of ineffective assistance of counsel if the claims are based solely on the record. *State v. Novak*, 2005 MT 294, ¶ 18, 329 Mont. 309, ¶ 18, 124 P.3d 182, ¶ 18. We review record-based claims on direct appeal under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *State v. Daniels*, 2003 MT 247, ¶ 21, 317 Mont. 331, ¶ 21, 77 P.3d 224, ¶ 21. Under the *Strickland* standard, a defendant must show that counsel's performance was deficient and that this performance prejudiced the defense and denied the defendant a fair trial such that the result of the proceeding would have been different. *Daniels*, ¶ 21. A strong presumption exists that counsel provided effective assistance. *Daniels*, ¶ 21.

## DISCUSSION

¶9    *Whether the State violated Lewis's constitutional right to a speedy trial.*

¶10    Lewis argues that the State violated her fundamental right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution by failing to prosecute her case in a timely manner. Lewis points out that the State waited nearly five months to notify the court of

3

its intention to amend the charges against her for conduct that allegedly occurred just days after Lewis's initial arrest. The record reveals that the State then waited an additional five months to file the amended charge. Lewis admits she maintains responsibility for twenty-eight days of the delay. Lewis blames the State for the rest of the delay. Lewis argues that her conviction should be reversed because the State's delay prejudiced her defense in that one witness had changed his story by the time of trial and another witness failed to remember key facts about the case.

¶11 Lewis concedes that she never asserted her right to speedy trial in district court. Lewis urges us to review her claim for the first time on appeal under the plain error doctrine. Lewis argues that her plain error claim warrants review because the State's delay implicated her fundamental right to a speedy trial. Lewis further argues that this Court's failure to review her claim would leave unsettled questions of the fundamental fairness of the trial proceedings and would compromise the integrity of the judicial process.

¶12 We generally refuse to review issues raised for the first time on appeal unless such review is warranted under the specific provisions of § 46-20-701, MCA. *See also* § 46-20-104(2), MCA. We may employ the common law plain error doctrine under exceptional circumstances, however, to "discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights . . . ." *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. We undertake this review "even if no contemporaneous objection is made and notwithstanding the inapplicability of the §

4

46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *Finley*, 276 Mont. at 137, 915 P.2d at 215.

¶13 We exercise plain error review sparingly, on a case-by-case basis, and under the narrow circumstances as provided in *Finley. Daniels*, ¶ 20. Plain error review, like any review on direct appeal, must be confined to the materials provided in the record. *State v. Azure*, 2002 MT 22, ¶ 40, 308 Mont. 201, ¶ 40, 41 P.3d 899, ¶ 40. "Appeals can only be taken on the record made, not on the record which should have been made." *State v. Totterdell*, 135 Mont. 56, 61, 336 P.2d 696, 699 (1959).

¶14 Lewis's failure to assert her right to a speedy trial in district court did not waive her right to speedy trial. *State v. Carden*, 173 Mont. 77, 87, 566 P.2d 780, 786 (1977). Lewis's silence resulted in an absence of record, however, that causes difficulty in proving on direct appeal that her right to speedy trial has been violated. *Carden*, 173 Mont. at 87, 566 P.2d at 786, citing *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2192-93 (1972). We consider the length of the delay, the reason for the delay, the defendant's timely assertion of the right to a speedy trial, and the prejudice to the defense caused by the delay in determining whether a defendant was denied the right to a speedy trial. *State v. Bowser*, 2005 MT 279, ¶ 12, 329 Mont. 218, ¶ 12, 123 P.3d 230, ¶ 12.

¶15 The record clearly demonstrates a thirteen-month period between Lewis's initial arrest and the time of trial. The Dissent points out that the record shows that Lewis took no action to delay her trial. *See* ¶ 29. The Dissent suggests that the delay, therefore, must

5

be attributed to the State based on its failure to prosecute or an institutional delay. Determining the cause of the delay requires a factual inquiry. *City of Billings v. Bruce*, 1998 MT 186, ¶ 56, 290 Mont. 148, ¶ 56, 965 P.2d 866, ¶ 56. We cannot glean from the record, however, the cause of such delay in Lewis's case. The record shows that the State requested a continuance and then waited five months to amend the charges against Lewis. The record remains silent on whether Lewis's counsel even discussed the speedy trial issue with Lewis or whether Lewis directed her counsel not to raise it. The record contains no argument from the parties on this issue and no decision from the district court that we may review for correctness. Thus, the inadequate record prevents us from reviewing Lewis's conviction on direct appeal under the plain error review doctrine.

¶16 *Whether Lewis's lawyer denied her effective assistance of counsel by failing to assert her right to a speedy trial.*

¶17 Lewis argues that her conviction should be reversed because her lawyer's failure to assert her right to speedy trial constituted deficient performance under the *Strickland* standard. Lewis contends that no tactical decision could explain her counsel's failure to assert her right to speedy trial in the thirteen months that passed between her arrest and jury trial. Lewis argues that the outcome of her case would have been different had her counsel timely asserted her right to speedy trial as a reasonable probability existed that the district court would have dismissed the charges against her.

¶18 Claims of ineffective assistance of counsel present mixed questions of law and fact that we review *de novo*. *Clausell v. State*, 2005 MT 33, ¶ 10, 326 Mont. 63, ¶ 10, 106 P.3d 1175, ¶ 10. We review claims of ineffective assistance of counsel on direct appeal

6

if the claims are based solely on the record. *Novak*, ¶ 18. We first consider whether the record reveals why counsel took, or failed to take, action in providing a defense in determining whether a claim of ineffective assistance of counsel is ripe for review on direct appeal. *Novak*, ¶ 18. Claims of ineffective assistance of counsel that cannot be documented from the record are properly raised by petition for post-conviction relief. *Novak*, ¶ 18.

¶19 The record sheds no light on why Lewis's counsel failed to raise her right to speedy trial. Lewis argues that no tactical reason exists to explain her counsel's deficient performance. We disagree. A number of possibilities exist to explain why counsel may have acquiesced to the delay. "Delay is not an uncommon defense tactic." *Barker*, 407 U.S. at 521, 92 S.Ct. at 2187. A delay allows the defendant to manipulate the system and gain an advantageous position in plea negotiations as witnesses become unavailable and memories fade. *Barker*, 407 U.S. at 519, 521, 92 S.Ct. at 2186, 2187.

¶20 The Dissent proposes that we overlook any potential tactical advantages and make defense counsel's failure to raise the defendant's right to speedy trial an automatic violation of the *Strickland* standard. *See* ¶ 40. Such an outcome would place the defendant and defendant's counsel in control of a potential reversal of the conviction. For example, a defendant could enjoy the tactical delays mentioned in *Barker* and then proceed to trial under the conscious decision not to raise the right to speedy trial. If convicted, the defendant merely has to raise the *per se* ineffective assistance of counsel claim proposed by the Dissent in seeking to reverse the conviction on appeal.

¶21 We refuse to speculate on counsel's errors in light of the presumption favoring a

7

finding that counsel performed effectively. *Daniels*, ¶ 41. A silent record fails to rebut the strong presumption that counsel provided reasonable professional assistance. *Daniels*, ¶ 41. We conclude that Lewis's claim for ineffective assistance of counsel cannot be answered within the confines of the record. Lewis's claim of ineffective assistance of counsel is best suited for disposition in a post-conviction proceeding where the trial court can explore fully why Lewis's counsel made the decision not to assert Lewis's right to speedy trial.

¶22 We affirm Lewis's conviction.


/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE


Justice James C. Nelson, dissenting.

¶23 I dissent from the Court's decision on both Issues One and Two. I would remand this case to the District Court, instructing the court to hold a speedy trial hearing with Lewis being represented by constitutionally effective counsel.

¶24 The uncontroverted record presently before this Court demonstrates the following. On May 19, 2004, Lewis was charged in the Lewis and Clark County Justice Court with

8

drug-related offenses alleged to have been committed on that same date. Preliminary examination having been waived, Lewis was charged in District Court by information on June 30, 2004, with those offenses—criminal possession with intent to distribute and criminal possession of drug paraphernalia—plus two counts of use or possession of property subject to criminal forfeiture. Without going into the detail of the merits of the State's case, it appears that the prosecution had a very strong case against Lewis.

¶25 On July 28, 2004, an assistant Lewis and Clark County public defender (not the same person as present appellate counsel) entered his appearance on behalf of Lewis. She was arraigned on that date and pled not guilty to the charges. The court set the omnibus hearing for August 25, 2004, and a trial date for November 8, 2004. On August 24, 2004, defense counsel moved to continue the omnibus hearing on the grounds that he would be out of the office on that date and that he was engaged in plea negotiations with the prosecutor. The State did not object and the omnibus hearing was continued to September 22, 2004. *Significantly, there was no change in the trial date, which remained set at November 8, 2004; thus, Lewis did **not** delay her trial.* This Court simply ignores this uncontroverted, record-based fact.

¶26 At the September 22, 2004 omnibus hearing, the prosecutor notified the District Court that she intended to amend the information to include additional charges (which, as it turned out, involved an offense allegedly committed three days after the originally-charged offenses) and she asked that the trial date be continued. That motion was granted, the pretrial conference and trial dates were vacated, and the court advised

9

counsel that a new trial date would be set when Lewis was arraigned on the amended information.

¶27     One hundred sixty-nine days later, on March 10, 2005, the State finally got around to amending the original information to include one additional charge of criminal distribution of dangerous drugs based on the events that had, as noted above, occurred three days after the offenses charged in the original information.  Lewis was arraigned on March 23, 2005, at which time she again entered a plea of not guilty.  On that date, the District Court set a new trial date for June 27, 2005.

¶28     As scheduled, Lewis's jury trial commenced on June 27, 2005.   The trial concluded on June 29, with Lewis's conviction on all five counts in the amended information.

¶29     In total, from the time Lewis was charged on May 19, 2004, until her trial commenced on June 27, 2005, four hundred four (404) days elapsed—well over one year.  For reasons which it fails to explain, the Court simply refuses to acknowledge that, based upon the record on appeal presently before this Court, it is uncontroverted that (1) Lewis took no action to delay her trial and (2) all of the 404 days of delay, therefore, was attributable to the State either because of the prosecutor's lack of diligence in filing the amended information against Lewis or by way of institutional delay.

¶30     The Court acknowledges the thirteen-month period between Lewis's initial arrest and the time of trial, but states that "[w]e cannot glean from the record, however, the cause of such delay" because "[t]he record remains silent on whether Lewis's counsel even discussed the speedy trial issue with Lewis or whether Lewis directed her counsel

not to raise it." ¶ 15. Yet, the record unequivocally establishes that the only continuance requested by Lewis in this case did not result in a change of her trial date. Thus, the only action taken by Lewis that *could* have delayed her trial in fact *did not* delay her trial. The questions of "whether Lewis's counsel even discussed the speedy trial issue with Lewis" and "whether Lewis directed her counsel not to raise it" are, therefore, wholly irrelevant in determining the cause of the delay, because even if counsel did discuss the speedy trial issue with Lewis and even if Lewis did direct counsel not to raise it, *neither action delayed her trial*! (These two questions are properly considered under the issue of prejudice, because it would seem unlikely that Lewis suffered prejudice as a result of the delay if she in fact instructed her attorney not to raise the speedy trial issue.)

¶31 The point that seems to be lost on the Court is that " '[a] defendant has *no duty* to bring himself to trial; the State has that duty.' " *State v. Tiedemann*, 178 Mont. 394, 400, 584 P.2d 1284, 1288 (1978) (emphasis added) (quoting *Barker v. Wingo*, 407 U.S. 514, 527, 92 S.Ct. 2182, 2190 (1972)). Indeed, it is well settled that it is the responsibility of the prosecution, not the defendant, to ensure a speedy trial, *State v. Tweedy*, 277 Mont. 313, 320, 922 P.2d 1134, 1138 (1996); *State v. Johnson*, 2000 MT 180, ¶ 12, 300 Mont. 367, ¶ 12, 4 P.3d 654, ¶ 12, and that the prosecution's failure to prosecute diligently is chargeable against the State for purposes of speedy trial analysis, *Tweedy*, 277 Mont. at 320-21, 922 P.2d at 1138. We stated in *Johnson* that "[a]s a general matter, the right to a speedy trial *places on the State* the burden of diligent prosecution at all stages of a criminal proceeding." *Johnson*, ¶ 12 (emphasis added) (citing *State v. Kipp*, 1999 MT 197, ¶ 16, 295 Mont. 399, ¶ 16, 984 P.2d 733, ¶ 16, and *Tweedy*, 277 Mont. at 318, 922

P.2d at 1137).  Likewise, in *Tweedy*, we stated that "*the State* has the obligation to ensure that the prosecution of the case proceeds in a diligent manner."  *Tweedy*, 277 Mont. at 320, 922 P.2d at 1138 (emphasis added).  Accordingly, Lewis had absolutely no duty to prosecute herself or to bring her case to trial and no obligation to raise the delay until trial was imminent.  She was legally entitled to do exactly what she did:  Nothing!

¶32     Our analysis in *Kipp*—in which we addressed a situation not unlike that here— also undercuts the Court's reasoning:

> The District Court suggested that it was important to attribute delay from untimely motions to defendants in order to prevent them from timing motions to create speedy trial problems; however, Kipp's motions were not untimely and there is nothing before us to indicate they were timed to cause delay.
>
> Once the District Court entered its decision, no further activity occurred in the case until the State requested a trial date almost five months later.  The State has the burden of diligent prosecution at all stages of a case and, therefore, had the burden to ensure that a new trial date was set in this case.  From the date of the District Court's April 18, 1997, order until the November 19, 1997, change of plea hearing date, Kipp filed no motions, asked for no continuances, and did nothing to contribute to further delay.  Therefore, the delay from April 18, 1997, until the November 19, 1997, change of plea hearing is institutional delay attributable to the State. . . .
>
> Based on our holding that 433 days of delay are attributable to the State, we conclude the burden shifted to the State to prove that Kipp was not prejudiced by the delay.

*Kipp*, ¶¶ 15-17 (citations omitted).

¶33     Like Kipp, the record here establishes that Lewis "did nothing to contribute to [the] delay [of her trial]."  *See Kipp*, ¶ 16.  Notwithstanding Lewis's "admission" (*see* ¶ 10 of the Court's Opinion), Lewis is not responsible for twenty-eight days of delay (by reason of her motion to continue the first omnibus hearing) because the record

12

demonstrates that the original trial date—November 8, 2004—was not changed as a result of her motion. She did not delay her trial, and this Court is not at liberty simply to ignore this uncontroverted fact.

¶34 Therefore, as we did in *Kipp*, we must conclude from the record before us that the delay here is both intentional delay by reason of the State's failure to diligently prosecute, as it was in *Tweedy*, and institutional delay, as in *Kipp*. Institutional delay is chargeable to the State, though it is weighed less heavily than purposeful delay. *State v. Weeks* , 270 Mont. 63, 72, 891 P.2d 477, 482 (1995); *Johnson*, ¶ 19.

¶35 The Court fails to cite one case supportive of its position that Lewis was somehow at fault for doing nothing to bring herself to trial. Rather, the Court simply ignores the uncontroverted, record-based facts before this Court and takes a stance that is in direct contradiction to this Court's well-established precedents. Henceforth, defendants may not state a speedy trial claim unless they first have pursued their new burden to bring themselves to trial.

¶36 That brings me to the next matter at issue—Lewis's counsel's failure to assert her right to a speedy trial. Under our jurisprudence, well-settled at all times under consideration here, if Lewis's attorney had simply moved to dismiss for lack of speedy trial a day before the actual trial commenced on June 27, 2005, the burden would have been *on the State* to prove that Lewis was not prejudiced by the 404 days of delay attributable to the prosecution. *See City of Billings v. Bruce*, 1998 MT 186, ¶ 48, 290 Mont. 148, ¶ 48, 965 P.2d 866, ¶ 48; *Johnson*, ¶ 17.

13

¶37    On appeal, Lewis makes two arguments.  First, under Issue One, Lewis argues that we should review her speedy trial claim on the basis of plain error.  The Court declines her invitation because it "cannot glean from the record . . . the cause of such delay."  ¶ 15. However, the cause of the delay is, in truth, apparent on the uncontroverted record before this Court.  That record establishes that (1) Lewis took no action that delayed her trial and (2) all of the 404 days of delay is attributable to the State either as intentional delay by reason of the prosecution's failure diligently to prosecute Lewis or as institutional delay. Thus, there is simply no principled reason why this Court cannot review this issue under plain error based on the existing record, since *all* of the delay in bringing Lewis to trial is attributable to the State.

¶38    The only question that remains unresolved on the record here is whether the State can sustain its burden of proving that Lewis was not prejudiced by the 404-day delay in bringing her to trial.  On that question, we can remand to the District Court for a hearing on the prejudice prong of our speedy trial analytical framework.  *See Bruce*, ¶ 58.  We need not, and ought not, condemn Lewis to postconviction proceedings in which she likely will not be represented by counsel and in which, experience teaches, she will have virtually no chance of prevailing—assuming she even gets a hearing on the merits.

¶39    The argument that Lewis makes under Issue Two is that she was not afforded effective assistance of counsel by reason of her attorney's failure to assert her right to a speedy trial.  In her main brief and in her reply brief, Lewis contends, correctly, that the first prong of *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66

14

(1984), was demonstrated—i.e., that counsel's representation was deficient in that it fell below an objective standard of reasonableness.

¶40 Here, based upon the actual record—which reflects the State's failure diligently to prosecute for a substantial period of time—there were 404 days of delay between charging and trial. Lewis makes the legitimate point that there could be no strategic or tactical reason why an effective counsel would have determined not to make a motion to dismiss for lack of speedy trial based on the record that existed immediately before the June 27, 2005 trial date. As noted above, under the *Bruce* test and the uncontroverted time frames involved here, the burden had, by the time of trial, shifted to the prosecution to prove that Lewis had not been prejudiced by the State's delay in bringing her to trial. *See Bruce*, ¶ 56. Lewis had nothing to prove under our jurisprudence. Thus, as Lewis points out, there was simply no plausible reason why constitutionally effective counsel would have chosen to roll the dice with the jury, though the State had a strong case, rather than file the motion and put the State to its burden of proof, with the possibility that the case against her would be dismissed with prejudice on speedy trial grounds. The Court speculates that "[a] number of possibilities exist to explain why counsel may have acquiesced to the delay." ¶ 19. It offers none, however.

¶41 Indeed, we must reach the opposite conclusion. If the State failed to meet its burden of proof at the speedy trial hearing, the charges against Lewis would have been dismissed with prejudice. The worst that could have happened was that the court could have ruled against Lewis and she then would have been subject to trial, with her right to challenge the court's adverse ruling preserved for appeal. The Court fails to set forth

15

even one tactical or strategic benefit that might have inured to Lewis by reason of her counsel's failure to file a motion to dismiss. On the record here, moving to dismiss for lack of speedy trial involved one of those rare instances where in filing the motion, counsel had everything to gain and nothing to lose. He simply blew off a no-risk opportunity to have the charges against his client dismissed at no cost to her case.

¶42 Where, as here, there is no plausible justification for counsel's failure to represent his client effectively, we have held that the accused was denied effective assistance of counsel and was prejudiced. *State v. Jefferson*, 2003 MT 90, ¶¶ 50, 57, 315 Mont. 146, ¶¶ 50, 57, 69 P.3d 641, ¶¶ 50, 57. This is just such a case.

¶43 However, choosing to ignore the record and having no jurisprudential support for its position, the Court opines that Lewis may have been using delay as an improper "defense tactic" "to manipulate the system and gain an advantageous position in plea negotiations." ¶ 19. Yet, the *only* motion she filed relevant to this issue—to continue the first omnibus hearing—resulted in *no* delay, since the trial date was not changed as a result of that motion. And the uncontroverted record is absolutely devoid of any implication that she attempted to delay her trial. Thus, how was Lewis "manipulating" the system here? Apparently, by doing nothing to bring herself to trial.

¶44 More to the point, what if Lewis and defense counsel, as a "tactic," in fact remained silent while the days passed? Both federal and Montana case law clearly establish that it is not the accused's obligation or duty to bring himself or herself to trial. " 'A defendant has *no duty* to bring himself to trial; the State has that duty.' " *Tiedemann*, 178 Mont. at 400, 584 P.2d at 1288 (emphasis added) (quoting *Barker*, 407

16

U.S. at 527, 92 S.Ct. at 2190). "*[T]he State* has the obligation to ensure that the prosecution of the case proceeds in a diligent manner." *Tweedy*, 277 Mont. at 320, 922 P.2d at 1138 (emphasis added).

¶45 Defense counsel can hardly be expected to pursue the course of action suggested by the Court—i.e., press for a speedy trial in lieu of taking advantage of the State's failure to prosecute. Indeed, such an approach would be inimical to his or her client's interests. The accused has absolutely no obligation to shoulder the State's burden and duty to bring him or her to trial. And the Court cites not one case to the contrary. Rather, without authority, the Court simply shifts the State's burden and duty to prosecute on to the back of the accused, by requiring the accused to object to the State's failure to prosecute. The Court's position has no jurisprudential clothes.

¶46 Concomitantly, the defense attorney *is* ineffective when, after appreciable trial delay has occurred and when there is the opportunity to file a "nothing-to-lose-and-everything-to-gain" motion to dismiss for lack of speedy trial, he or she does not take advantage of the State's failure to prosecute diligently.

¶47 I dissent from the Court's resolution of both Issues One and Two. There is a sufficient record before this Court on direct appeal for us to determine the cause of delay—which was all chargeable to the State as intentional or institutional delay—and all that remains is to remand for a speedy trial hearing putting the State to its burden to prove that Lewis was not prejudiced by the 404-day delay. Moreover, the record before this Court on direct appeal clearly demonstrates that Lewis's trial counsel was not functioning as constitutionally effective counsel when he failed to assert Lewis's right to a speedy

17

trial and put the State to its burden of proof. Had counsel filed such a motion, he had everything to gain for his client and nothing to lose; there was no plausible strategic or tactical advantage to be gained from not filing a no-risk motion to dismiss for lack of speedy trial.

¶48 Under either Issue One or Issue Two, Lewis is entitled to have this cause remanded to the District Court for a hearing putting the prosecution to its burden to prove that the 404 days of delay attributable to the State did not prejudice Lewis's constitutional guarantee of a speedy trial.

¶49 I dissent from our contrary resolution of this appeal.


/S/ JAMES C. NELSON


Justice Patricia O. Cotter joins in the dissent of Justice James C. Nelson.


/S/ PATRICIA COTTER