JUSTICE NELSON,
dissenting.
¶23 I dissent from the Court’s decision on both Issues One and Two. I would remand this case to the District Court, instructing the court to hold a speedy trial hearing with Lewis being represented by constitutionally effective counsel.
¶24 The uncontroverted record presently before this Court demonstrates the following. On May 19, 2004, Lewis was charged in the Lewis and Clark County Justice Court with drug-related offenses alleged to have been committed on that same date. Preliminary examination having been waived, Lewis was charged in District Court by information on June 30, 2004, with those offenses-criminal possession with intent to distribute and criminal possession of drug paraphernalia-plus two counts of use or possession of property subject to criminal forfeiture. Without going into the detail of the merits of the State’s case, it appears that the prosecution had a very strong case against Lewis.
¶25 On July 28, 2004, an assistant Lewis and Clark County public defender (not the same person as present appellate counsel) entered his appearance on behalf of Lewis. She was arraigned on that date and pled not guilty to the charges. The court set the omnibus hearing for August 25, 2004, and a trial date for November 8,2004. On August 24, 2004, defense counsel moved to continue the omnibus hearing on the grounds that he would be out of the office on that date and that he was engaged in plea negotiations with the prosecutor. The State did not object and the omnibus hearing was continued to September 22, 2004. Significantly, there was no change in the trial date, which remained set at November 8, 2004; thus, Lewis did not delay her trial. This Court simply ignores this uncontroverted, record-based fact.
¶26 At the September 22, 2004 omnibus hearing, the prosecutor notified the District Court that she intended to amend the information to include additional charges (which, as it turned out, involved an offense allegedly committed three days after the originally-charged offenses) and she asked that the trial date be continued. That motion was granted, the pretrial conference and trial dates were vacated, and the court advised counsel that a new trial date would be set when Lewis was arraigned on the amended information.
*338 ¶27 One hundred sixty-nine days later, on March 10, 2005, the State finally got around to amending the original information to include one additional charge of criminal distribution of dangerous drugs based on the events that had, as noted above, occurred three days after the offenses charged in the original information. Lewis was arraigned on March 23, 2005, at which time she again entered a plea of not guilty. On that date, the District Court set a new trial date for June 27,2005.
¶28 As scheduled, Lewis’s jury trial commenced on June 27,2005. The trial concluded on June 29, with Lewis’s conviction on all five counts in the amended information.
¶29 In total, from the time Lewis was charged on May 19, 2004, until her trial commenced on June 27, 2005, four hundred four (404) days elapsed-well over one year. For reasons which it fails to explain, the Court simply refuses to acknowledge that, based upon the record on appeal presently before this Court, it is uncontroverted that (1) Lewis took no action to delay her trial and (2) all of the 404 days of delay, therefore, was attributable to the State either because of the prosecutor’s lack of diligence in filing the amended information against Lewis or by way of institutional delay.
¶30 The Court acknowledges the thirteen-month period between Lewis’s initial arrest and the time of trial, but states that “[w]e cannot glean from the record, however, the cause of such delay” because “[t]he record remains silent on whether Lewis’s counsel even discussed the speedy trial issue with Lewis or whether Lewis directed her counsel not to raise it.” ¶ 15. Yet, the record unequivocally establishes that the only continuance requested by Lewis in this case did not result in a change of her trial date. Thus, the only action taken by Lewis that could have delayed her trial in fact did not delay her trial. The questions of “whether Lewis’s counsel even discussed the speedy trial issue with Lewis” and “whether Lewis directed her counsel not to raise it” are, therefore, wholly irrelevant in determining the cause of the delay, because even if counsel did discuss the speedy trial issue with Lewis and even if Lewis did direct counsel not to raise it, neither action delayed her triall (These two questions are properly considered under the issue of prejudice, because it would seem unlikely that Lewis suffered prejudice as a result of the delay if she in fact instructed her attorney not to raise the speedy trial issue.)
¶31 The point that seems to be lost on the Court is that “ ‘[a] defendant has no duty to bring himself to trial; the State has that duty.’ ” State v. Tiedemann, 178 Mont. 394, 400, 584 P.2d 1284, 1288 (1978) (emphasis added) (quoting Burner v. Wingo, 407 U.S. 514, 527, 92 S.Ct. 2182, 2190 (1972)). Indeed, it is well settled that it is the *339 responsibility of the prosecution, not the defendant, to ensure a speedy trial, State v. Tweedy, 277 Mont. 313, 320, 922 P.2d 1134, 1138 (1996); State v. Johnson, 2000 MT 180, ¶ 12, 300 Mont. 367, ¶ 12, 4 P.3d 654, ¶ 12, and that the prosecution’s failure to prosecute diligently is chargeable against the State for purposes of speedy trial analysis, Tweedy, 277 Mont. at 320-21, 922 P.2d at 1138. We stated in Johnson that “[a]s a general matter, the right to a speedy trial places on the State the burden of diligent prosecution at all stages of a criminal proceeding.” Johnson, ¶ 12 (emphasis added) (citing State v. Kipp, 1999 MT 197, ¶ 16, 295 Mont. 399, ¶ 16, 984 P.2d 733, ¶ 16, and Tweedy, 277 Mont. at 318, 922 P.2d at 1137). Likewise, in Tweedy, we stated that “the State has the obligation to ensure that the prosecution of the case proceeds in a diligent manner.” Tweedy, 277 Mont. at 320, 922 P.2d at 1138 (emphasis added). Accordingly, Lewis had absolutely no duty to prosecute herself or to bring her case to trial and no obligation to raise the delay until trial was imminent. She was legally entitled to do exactly what she did: Nothing!
¶32 Our analysis in Kipp-in which we addressed a situation not unlike that here-also undercuts the Court’s reasoning:
The District Court suggested that it was important to attribute delay from untimely motions to defendants in order to prevent them from timing motions to create speedy trial problems; however, Kipp’s motions were not untimely and there is nothing before us to indicate they were timed to cause delay.
Once the District Court entered its decision, no further activity occurred in the case until the State requested a trial date almost five months later. The State has the burden of diligent prosecution at all stages of a case and, therefore, had the burden to ensure that a new trial date was set in this case. From the date of the District Court’s April 18, 1997, order until the November 19, 1997, change of plea hearing date, Kipp filed no motions, asked for no continuances, and did nothing to contribute to further delay. Therefore, the delay from April 18,1997, until the November 19,1997, change of plea hearing is institutional delay attributable to the State....
Based on our holding that 433 days of delay are attributable to the State, we conclude the burden shifted to the State to prove that Kipp was not prejudiced by the delay.
Kipp, ¶¶ 15-17 (citations omitted).
¶33 Like Kipp, the record here establishes that Lewis “did nothing to contribute to [the] delay [of her trial].” See Kipp, ¶ 16. Notwithstanding Lewis’s “admission” (see ¶ 10 of the Court’s Opinion), *340 Lewis is not responsible for twenty-eight days of delay (by reason of her motion to continue the first omnibus hearing) because the record demonstrates that the original trial date-November 8, 2004-was not changed as a result of her motion. She did not delay her trial, and this Court is not at liberty simply to ignore this uncontroverted fact.
¶34 Therefore, as we did in Kipp, we must conclude from the record before us that the delay here is both intentional delay by reason of the State’s failure to diligently prosecute, as it was in Tweedy, and institutional delay, as in Kipp. Institutional delay is chargeable to the State, though it is weighed less heavily than purposeful delay. State v. Weeks , 270 Mont. 63, 72, 891 P.2d 477, 482 (1995); Johnson, ¶ 19.
¶35 The Court fails to cite one case supportive of its position that Lewis was somehow at fault for doing nothing to bring herself to trial. Rather, the Court simply ignores the uncontroverted, record-based facts before this Court and takes a stance that is in direct contradiction to this Court’s well-established precedents. Henceforth, defendants may not state a speedy trial claim unless they first have pursued their new burden to bring themselves to trial.
¶36 That brings me to the next matter at issue-Lewis’s counsel’s failure to assert her right to a speedy trial. Under our jurisprudence, well-settled at all times under consideration here, if Lewis’s attorney had simply moved to dismiss for lack of speedy trial a day before the actual trial commenced on June 27, 2005, the burden would have been on the State to prove that Lewis was not prejudiced by the 404 days of delay attributable to the prosecution. See City of Billings v. Bruce, 1998 MT 186, ¶ 48, 290 Mont. 148, ¶ 48, 965 P.2d 866, ¶ 48; Johnson, ¶ 17.
¶37 On appeal, Lewis makes two arguments. First, under Issue One, Lewis argues that we should review her speedy trial claim on the basis of plain error. The Court declines her invitation because it “cannot glean from the record ... the cause of such delay.” ¶ 15. However, the cause of the delay is, in truth, apparent on the uncontroverted record before this Court. That record establishes that (1) Lewis took no action that delayed her trial and (2) all of the 404 days of delay is attributable to the State either as intentional delay by reason of the prosecution’s failure diligently to prosecute Lewis or as institutional delay. Thus, there is simply no principled reason why this Court cannot review this issue under plain error based on the existing record, since all of the delay in bringing Lewis to trial is attributable to the State.
¶38 The only question that remains unresolved on the record here is whether the State can sustain its burden of proving that Lewis was not prejudiced by the 404-day delay in bringing her to trial. On that *341 question, we can remand to the District Court for a hearing on the prejudice prong of our speedy trial analytical framework. See Bruce, ¶ 58. We need not, and ought not, condemn Lewis to postconviction proceedings in which she likely will not be represented by counsel and in which, experience teaches, she will have virtually no chance of prevailing-assuming she even gets a hearing on the merits.
¶39 The argument that Lewis makes under Issue Two is that she was not afforded effective assistance of counsel by reason of her attorney’s failure to assert her right to a speedy trial. In her main brief and in her reply brief, Lewis contends, correctly, that the first prong of Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66 (1984), was demonstrated-i.e., that counsel’s representation was deficient in that it fell below an objective standard of reasonableness.
¶40 Here, based upon the actual record-which reflects the State’s failure diligently to prosecute for a substantial period of time-there were 404 days of delay between charging and trial. Lewis makes the legitimate point that there could be no strategic or tactical reason why an effective counsel would have determined not to make a motion to dismiss for lack of speedy trial based on the record that existed immediately before the June 27, 2005 trial date. As noted above, under the Bruce test and the uncontroverted time frames involved here, the burden had, by the time of trial, shifted to the prosecution to prove that Lewis had not been prejudiced by the State’s delay in bringing her to trial. See Bruce, ¶ 56. Lewis had nothing to prove under our jurisprudence. Thus, as Lewis points out, there was simply no plausible reason why constitutionally effective counsel would have chosen to roll the dice with the jury, though the State had a strong case, rather than file the motion and put the State to its burden of proof, with the possibility that the case against her would be dismissed with prejudice on speedy trial grounds. The Court speculates that “[a] number of possibilities exist to explain why counsel may have acquiesced to the delay.” ¶ 19. It offers none, however.
¶41 Indeed, we must reach the opposite conclusion. If the State failed to meet its burden of proof at the speedy trial hearing, the charges against Lewis would have been dismissed with prejudice. The worst that could have happened was that the court could have ruled against Lewis and she then would have been subject to trial, with her right to challenge the court’s adverse ruling preserved for appeal. The Court fails to set forth even one tactical or strategic benefit that might have inured to Lewis by reason of her counsel's failure to file a motion to dismiss. On the record here, moving to dismiss for lack of speedy trial involved one of those rare instances where in filing the motion, counsel *342 had everything to gain and nothing to lose. He simply blew off a no-risk opportunity to have the charges against his client dismissed at no cost to her case.
¶42 Where, as here, there is no plausible justification for counsel’s failure to represent his client effectively, we have held that the accused was denied effective assistance of counsel and was prejudiced. State v. Jefferson, 2003 MT 90, ¶¶ 50, 57, 315 Mont. 146, ¶¶ 50, 57, 69 P.3d 641, ¶¶ 50, 57. This is just such a case.
¶43 However, choosing to ignore the record and having no jurisprudential support for its position, the Court opines that Lewis may have been using delay as an improper “defense tactic” “to manipulate the system and gain an advantageous position in plea negotiations.” ¶ 19. Yet, the only motion she filed relevant to this issue-to continue the first omnibus hearing-resulted in no delay, since the trial date was not changed as a result of that motion. And the uncontroverted record is absolutely devoid of any implication that she attempted to delay her trial. Thus, how was Lewis “manipulating” the system here? Apparently, by doing nothing to bring herself to trial.
¶44 More to the point, what if Lewis and defense counsel, as a “tactic,” in fact remained silent while the days passed? Both federal and Montana case law clearly establish that it is not the accused’s obligation or duty to bring himself or herself to trial. “ ‘A defendant has no duty to bring himself to trial; the State has that duty.’ ” Tiedemann, 178 Mont. at 400, 584 P.2d at 1288 (emphasis added) (quoting Barker, 407 U.S. at 527, 92 S.Ct. at 2190). “[T]he State has the obligation to ensure that the prosecution of the case proceeds in a diligent manner.” Tweedy, 277 Mont. at 320, 922 P.2d at 1138 (emphasis added).
¶45 Defense counsel can hardly be expected to pursue the course of action suggested by the Court-i.e., press for a speedy trial in lieu of taking advantage of the State’s failure to prosecute. Indeed, such an approach would be inimical to his or her client’s interests. The accused has absolutely no obligation to shoulder the State’s burden and duty to bring him or her to trial. And the Court cites not one case to the contrary. Rather, without authority, the Court simply shifts the State’s burden and duty to prosecute on to the back of the accused, by requiring the accused to object to the State’s failure to prosecute. The Court’s position has no jurisprudential clothes.
¶46 Concomitantly, the defense attorney is ineffective when, after appreciable trial delay has occurred and when there is the opportunity to file a “notbing-to-lose-and-everything-to-gain” motion to dismiss for lack of speedy trial, he or she does not take advantage of the State’s failure to prosecute diligently.
*343 ¶47 I dissent from the Court’s resolution of both Issues One and Two. There is a sufficient record before this Court on direct appeal for us to determine the cause of delay-which was all chargeable to the State as intentional or institutional delay-and all that remains is to remand for a speedy trial hearing putting the State to its burden to prove that Lewis was not prejudiced by the 404-day delay. Moreover, the record before this Court on direct appeal clearly demonstrates that Lewis’s trial counsel was not functioning as constitutionally effective counsel when he failed to assert Lewis’s right to a speedy trial and put the State to its burden of proof. Had counsel filed such a motion, he had everything to gain for his client and nothing to lose; there was no plausible strategic or tactical advantage to he gained from not filing a no-risk motion to dismiss for lack of speedy trial.
¶48 Under either Issue One or Issue Two, Lewis is entitled to have this cause remanded to the District Court for a hearing putting the prosecution to its burden to prove that the 404 days of delay attributable to the State did not prejudice Lewis’s constitutional guarantee of a speedy trial.
¶49 I dissent from our contrary resolution of this appeal.
JUSTICE COTTER joins in the dissent of JUSTICE NELSON.